IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WEST TECHNOLOGY GROUP, LLC, and CX360, INC., <br> Plaintiffs, <br><br> vs. <br><br> KARL SUNDSTROM, <br> Defendant. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | CIVIL ACTION NO. 3:24-cv-00178-KAD |

**FINAL JUDGMENT AND PERMANENT INJUNCTION**

The parties to the instant action having consented to the terms herein, and for good cause shown, this Final Judgment and Permanent Injunction ("Final Judgment") is entered against Defendant as follows:

**I.   Monetary Award**

A judgment in the amount of $10,000 against Defendant in favor of Plaintiffs on their claims shall be entered by the Clerk of the Court.

**II.   Counterclaims**

Defendant's counterclaims are dismissed, with prejudice.

**III.   Permanent Injunction**

The Court further enters a Permanent Injunction ordering that, Defendant shall:

A. Immediately return to Plaintiffs and their affiliates any and all property, both tangible and intangible, belonging to, based on or associated with Plaintiffs or Plaintiffs' affiliates and predecessors thereof, including but not limited to all data and data storage devices; any of Plaintiffs' or Plaintiffs' affiliates' proprietary information, technical data, trade secrets, confidential information or know-how, including but not limited to methodologies, technology and technical advice, computer programs and systems, marketing materials,

techniques and plans, prospect and marketing research materials, training programs and materials, as well as services, client lists, client contacts, client information and/or preferences, correspondence, business information and plans and manner of conducting business, projections, projects, competitive analyses, business ideas, financial information, future plans, developmental plans, business affairs, strategies, programs, sales information, price lists, pricing structure, costs, discounts, compensation, personnel/employee information, meeting minutes and full or partial transcripts of meetings, PHI, agreements or contracts of the Company, security information (including but not limited to user names and passwords), or other business information relating to Plaintiffs, Plaintiffs' affiliates, or their clients, customers, suppliers, vendors, partners, employees, agents, and contractors; al! commercial, sales, and customer information (including names, addresses, contact information and information regarding current and/or prospective customers and their representatives, specific customer needs and requirements, and leads and references to prospective customers); all copies of emails, slide decks, contracts and internal documents; all information regarding Plaintiffs' internal operations or other internal processes; and any and all other non-public information belonging to Plaintiffs. All of the information described in Paragraph A of this Permanent Injunction shall be referred to collectively as "Plaintiffs' Information." Plaintiffs' Information also includes information provided to Plaintiffs or Plaintiffs' affiliates by their clients, customers, suppliers, employees (including without limitation Defendant to the extent such information was created during Defendant's period of employment by Plaintiff or using information learned by Defendant during the period of his employment by Plaintiff), contractors, or other third parties subject to separate agreements and ethical standards imposing obligations on Plaintiffs or

Plaintiffs' affiliates, and those working on their behalf, to maintain confidentiality. Plaintiffs' Information does not include information generally known or available to the public.

B. Permit and cooperate in good faith with Plaintiffs and Plaintiffs' vendor(s) to permanently delete from Defendant's laptop and/or other devices all of Plaintiffs' Information no later than seven (7) days after the entry of the instant Final Judgment, or as soon as reasonably practicable based on the schedule of Plaintiffs' vendor(s).

C. Provide Plaintiff with a sworn exhaustive listing of all parties to whom Plaintiff's confidential and sensitive information was disclosed after February 1, 2024, whether full or partial copies (including as templates) and whether in tangible or intangible form.

D. Comply with Defendant's ongoing obligations to Plaintiffs and their affiliates contained in Defendant's Acknowledgement of Conditions of Employment (ACE) and other non-disclosure and non-solicitation obligations in Defendant's commission plans and other employment documents, including Defendant's obligations (l) not to use or disclose Plaintiffs' Information, (2) not to attempt, directly or by assisting others, prior to November 1, 2025 to induce, encourage, persuade or solicit an employee or contractor of a Plaintiff or a Plaintiff's affiliate to terminate or change their employment or relationship with a Plaintiff or a Plaintiff's affiliate, nor recruit, hire, attempt to hire, or otherwise engage or contract with any employee or contractor of a Plaintiff or Plaintiff's affiliate, (3) not to attempt prior to November 1, 2025, either directly or indirectly, on Defendant's own behalf or otherwise, to solicit, request, persuade, induce or advise a customer or prospective customer or customer referral source of a Plaintiff or a Plaintiff's affiliate to terminate, alter, limit. withdraw, curtail, or cancel a business relationship with a Plaintiff or a

    Plaintiff's affiliate, nor otherwise directly or indirectly attempt to work with or provide products or services to such customer or prospective customer on behalf of any person or entity in competition with the business of a Plaintiff or Plaintiff's affiliate as it was being conducted on February 1, 2024, provided that such customers and prospective customers include clients, partners, and acquisition targets, and only include persons or entities with whom Defendant worked, provided services for, solicited business from, contacted, was responsible for managing, or learned information about before February 1, 2024, and (4) to comply with Defendant's obligations of confidentiality with respect to all aspects of his employment by Plaintiff and Plaintiffs' current and former affiliates. If Defendant breaches any obligations in Paragraph D(2) or D(3), the duration of the time periods described in Paragraph D(2) and D(3) shall be extended by the amount of time Defendant remains in breach of such obligations.

E. Inform any employer or Defendant of Defendant's continuing obligations to Plaintiffs immediately upon the commencement of Defendant's employment, and to permit Plaintiffs, without liability, to inform such employer of Defendant's continuing obligations.

F. Refrain from breaching Defendant's obligations set out in this Final Judgment, in any and all of Plaintiffs' employment-related documents, and in any other agreement(s) between Defendant and Plaintiffs.

G. Within seven (7) days of entry of this Final Judgment, Defendant in his individual capacity shall provide a sworn statement to Plaintiffs' counsel certifying that Defendant has personally read each word of this Permanent Injunction, that he understands the terms and conditions of this Order, that his counsel explained to him the meaning of the terms and

conditions of this Permanent Injunction, that Defendant will not assert that he did not read or did not understand the terms of this Permanent Injunction, and that he understands that his failure to either read or understand the terms of this Permanent Injunction shall not be asserted as a defense in any action enforcing this Permanent Injunction.

H.  This Permanent Injunction shall remain in force and effect permanently.

IV.  **Continuing Jurisdiction**

The Court expressly retains jurisdiction of this matter to enforce the terms and conditions of this Final Judgment and Permanent Injunction. Defendant acknowledges and agrees that should he breach any provision of the Permanent Injunction, Plaintiffs may seek further injunctive relief, any damages they incur from the fees and expenses they incur to enforce the Final Judgment and claims notwithstanding the Court's entry of this Final Judgment on Plaintiffs' claims, and the full amount of damages and attorneys' fees they have incurred in the instant litigation prior to the date of entry of this Final Judgment.

V.  **Remaining Obligations**

This Final Judgment shall not negate any contractual obligations the parties hereto owe to one another pursuant to any separate written agreements.

SO ORDERED, this 7th day of January, 2025.

                                                            /s/ Kari A. Dooley
                                                        UNITED STATES DISTRICT JUDGE